```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
```
| | |
|---|---|
| Maria Baglio, | AMENDED COMPLAINT |
| Plaintiff, | 20-cv- 01522-EK-SMG |
| v. | **JURY TRIAL DEMANDED** |
| Burgerology Astoria LLC, | |
| Defendant. | |

```
------------------------------------------------------------- X
```

This is an action brought under Title VII of the Civil Rights Act to vindicate the harms and losses suffered by Maria Baglio, who was sexually harassed by her supervisor and nominal co-worker at the upscale burger restaurant, which is still open and taking orders.

Jurisdiction is proper under federal question jurisdiction – plaintiff has petitioned and obtained a right to sue letter from the EEOC in or about less than thirty days. Venue is proper in that all of the acts and omissions occurred in this judicial district.

1. Maria Baglio was employed by Burgerology as a bartender from February 2019-June 2019, then from October 2019-January 2020 and was terminated shortly after she complained about a manager's sexual harassment of her in October 2019 and in (or until) December 2019.

2. The harasser was a manager, Antonino LaRossa. He made inappropriate comments to Plaintiff daily for every day they worked together (which was every day Maria worked there). LaRossa would ask, for example, to see her vagina in bathroom. He asked for her to look at nude pictures on his phone. Plaintiff walked away and told him to stop.

3. She reminded him that he perhaps should retake the sexual harassment course – one given to her at some time – though she doesn't know if he took it at all. He made comments about

some of the female workers, one of whom he called fat, which he continued until her termination.

4. LaRossa nevertheless said he wanted Maria to bend over the bar to "fuck" her, and later asked if he could "fuck" her in the work bathroom or in the work office.

5. When he walked out from behind the bar (where they worked and where the space was tight), LaRossa continually commented on her derriere. He said she needed to wear tighter shirts to show off her breasts.

6. In fact, the reason Maria wore her boyfriend's baggy shirts was to avoid comments about her breasts. LaRossa made these comments in front of customers and co-workers, causing Maria emotional distress, including lost sleep and anxiety in going to work to face him.

7. LaRossa told Maria she was the hottest worker at Burgerology – a fact that didn't flatter Maria. LaRossa was very good friends with the owner, Eddie Galatoulas, as LaRossa has been there very long. LaRossa told Maria that Eddie said he "could fuck whoever" he wanted at work, though Maria has no verification of this. Nevertheless, this was a statement of hostile work environment in itself. It made Maria fear that if she did complain nothing would happen.

8. She was right in her suspicion. Maria complained in the beginning of December to manager John Falicchio. He asked Maria if she wanted him fired. Maria said that LaRossa should be talked to first to see if it would stop.

9. Later, Falicchio said he had spoken to LaRossa and the harassment should not happen again. But then, plaintiff was subject to harassment. LaRossa refused to speak to her about work and he gave her the cold shoulder, causing further hostility, though in a different way.

10. On December 10, 2019, a coworker told plaintiff that he knew that Maria had complained about LaRossa; he told another coworker. This coworker said LaRossa was upset and shocked at the complaint. Thus, since Maria had told no one at work, LaRossa had told other workers. This made the work day more challenging, and was a form of retaliation. Maria did not provide the details of the harassment in defense of her "behavior" at work in complaining.

11. If LaRossa was shocked, then this is evidence that he never learned the lesson that he can't hit on women at work – not to get dates, not to flout his own sexual prowess, for no reason should LaRossa have been upset at anyone but himself. It be that, in this age – so far from "Mad Men" Season One – LaRossa still lives in a bubble whereby his actions at work in demeaning women is merely part of work, and his enjoyment of it.

12. As it happened, as soon as Maria restarted in October 2019, she said she was going away at the end of December, and would need that time off. Burgerology did not object. Maria put this on "CrewApp," and the company knew about the plans and approved them.

13. Another bartender, coincidentally, also took off same took two weeks, and the other bartender's request was also approved. LaRossa said Burgerology would get a server to take a day shift and hire one bartender, part-time if necessary, until Maria came back.

14. Maria came back a day early and took a shift on Jan 1, 2020. On January 4, however, Maria was not on the schedule. Maria texted LaRossa and asked him why this was the case.

15. He said, "Too many took off and they had to hire a new bartender." Maria asked if this meant Maria was fired. By text, LaRossa said yes. Thus, the harasser fired plaintiff, which was retaliation.

16. Maria knew LaRossa's excuse to be not true because the new *temporary* bartender only took shifts Maria was never scheduled for. A server doubled for others, when meant that her hours could easily have been reinstated. So, in addition to lying about a full-time bartender allegedly hired, the reasoning as to why there was an over-hiring was pretextual.

17. Maria was a good worker with no marks on her performance record. In addition to being sexually harassed, Maria was retaliated against by being fired.

18. After she was fired, while LaRossa was still employed at Burgerology, LaRossa contacted plaintiff through a third party.

19. The woman, whom Maria thought was her friend, called and left three voicemails on Maria's phone, urging her – albeit in an ambivalent way – to drop the case because it would cause LaRossa harm.

20. The "friend" then stopped talking to Maria, which caused her sadness, regret, and emotional distress, and was purely retaliatory, if second hand.

21. Ms. Baglio now sues for redress.

## FIRST CAUSE OF ACTION
## SEX DISCRIMINATION UNDER TITLE VII

22. Plaintiff repeats and realleges all previous paragraphs.

23. Plaintiff was subject to a hostile work environment as interpreted by courts under Title VII.

24. As a result of the foregoing, plaintiff has been damaged.

## SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

25. Plaintiff repeats and realleges all previous paragraphs.

26. Plaintiff was subject to retaliation for complaining about sexual harassment by LaRossa's (or the owner's) telling others in the workplace about the complaint. This, and LaRossa's silent treatment caused plaintiff to fear ever filing another discrimination complaint.

27. Being fired thereafter also caused plaintiff to fear ever filing another discrimination complaint.

28. Plaintiff's personal relationship with a friend was thereafter ruined by LaRossa's importuning a friend to call her to describe the harm that would be caused by LaRossa, if this lawsuit went forward.

29. Based on the foregoing, plaintiff has been damaged.

### THIRD CAUSE OF ACTION
### SEX DISCRIMINATION UNDER NEW YORK CITY HUMAN RIGHTS LAW

30. Plaintiff repeats and realleges all previous paragraphs.

31. Plaintiff was subject to a hostile work environment as understood by the NYCHRL.

32. As a result of the foregoing, plaintiff has been damaged.

### FOURTH CAUSE OF ACTION
### SEX DISCRIMINATION UNDER NEW YORK CITY HUMAN RIGHTS LAW

33. Plaintiff repeats and realleges all previous paragraphs.

34. Plaintiff was a victim of retaliation as that term is known under the NYCHRL.

35. As a result of the foregoing, plaintiff has been damaged.

WHEREFORE, Plaintiff demands the following relief:

1. Compensatory Damages in an amount no less than $500,000;

2. Punitive Damages;

3. Attorneys' fees under 42 U.S.C. § 1988 or the New York City HRL;

4. Such other relief as the Court may deem appropriate.

Dated: New York, New York
May 15, 2020

*Greg S. Antollino*
_____
Gregory Antollino, Esq.
275 Seventh Avenue, Seventh Floor
New York, New York 10001
(212) 334-7397
gregory@antollino.com